IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
10/29/2009

| | |
|---|---|
| IN RE | ) |
| | ) |
| SCOTT C. SHOOK and | ) CASE NO. 09-35670-H3-13 |
| VICKI J. SHOOK, | ) |
| | ) |
| Debtors, | ) |
| | ) |

### MEMORANDUM OPINION

The court has held a hearing on the "Motion to Dismiss" (Docket No. 69) filed by Scott C. Shook and Vicki J. Shook ("Debtors"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 3, 2009. William E. Heitkamp is the Chapter 13 Trustee.

Debtors' counsel of record, at the time they filed the petition in the instant case, was Nicholas Westbrook. Sandra Peake entered an appearance as counsel for Debtors on September 2, 2009. Debtors filed a motion to substitute Peake in place of Westbrook on August 28, 2009. That motion was granted, by order

entered October 2, 2009 (Docket No. 87).

The petition in the instant case lists other names used by Debtors as "dba Diamond MFG Inc; dba Southwestern Conversions" (Docket No. 1).

On August 17, 2009, Debtors filed schedules. The schedules list among Debtors' assets four parcels of real property, all located in Fort Bend County, Texas, a 100 percent interest in Diamond MFG, Inc. and Southwestern Conversions, inventory for Southwestern Conversions, and five trailers.

On August 31, 2009, Diamond Mfg. Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Scott Shook signed the petition on behalf of Diamond Mfg., as its president. The Diamond Mfg. case, Case No. 09-36458-H1-7, was converted to Chapter 7, by order entered on September 18, 2009 (Docket No. 20, Case NO. 09-36458-H1-7).

In the instant motion, filed on September 24, 2009, Debtors seek dismissal of the instant case, without prejudice, in light of Debtors' ineligibility for relief under Chapter 13. Debtors now assert, after Peake has reviewed the schedules prepared and filed by Westbrook on their behalf, that their debts exceed the debt limits under Chapter 13 of the Bankruptcy Code.

The instant motion is opposed by creditors Commercial State Bank of El Campo ("CSBEC"), and John and Karen Kennedy. In addition, First National Bank of Eagle Lake ("FNBEL"), Eastern

Metals, and the Chapter 13 Trustee participated in the hearing. CSBEC, joined by the Kennedys and FNBEL, have separately filed a motion to convert to Chapter 7.

Shook[1] testified that he is now unemployed. He testified that, on the petition date in the instant case, he was operating both Diamond Manufacturing, Inc., a corporation, and Southwestern Conversions, an assumed name. He testified that his entities manufactured approximately 50 trailers per year, when they were operating. He testified that neither entity is operating now.

Shook testified that he has not opposed lifting of the automatic stay, to allow the banks to exercise whatever rights they might have under applicable law to take possession of the equipment and real estate of the businesses he formerly operated.

Shook testified that he has been unable to seek employment, because he has been required to meet with lawyers and/or attend hearings two or three days per week, since the filing of the instant case.

Shook testified that he has been unable to file tax returns for 2007 and 2008, because the person preparing tax returns must be able to review documents that he believes are in the hands of counsel for the debtor in the Diamond Mfg. case, Debtor's counsel in this case, counsel for the Chapter 7 Trustee

---

[1] Unless indicated otherwise, reference to "Shook" in the instant opinion refers to Scott Shook.

in the Diamond Mfg. case, and counsel for Commercial State Bank of El Campo.

Shook testified that Debtors are not current in payments on their home mortgage, or on any of their vehicles.  He testified that he borrowed money from a family member in order to pay counsel in the Diamond Mfg. case.

On cross-examination, Shook testified that he provided to CSBEC manufacturer's statements of origin for four trailers that had not been built.  He testified that that procedure was consistent with his course of dealing with CSBEC.

Shook also testified that, with respect to a trailer ordered by John and Karen Kennedy, he forwarded to First Victoria National Bank an application for a certificate of title, and obtained funds, notwithstanding the fact that the trailer had not been built.

## Conclusions of Law

Section 1307(b) of the Bankruptcy Code provides:

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.  Any waiver of the right to dismiss under this section is unenforceable.

11 U.S.C. § 1307(b).

In Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), the Supreme Court held:

4

> [T]he broad authority granted to bankruptcy judges to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors.

127 S.Ct., at 1112.

The Fifth Circuit has not ruled as to whether <u>Marrama</u> would govern the right of a debtor to dismiss pursuant to Section 1307(b). However, this court need not reach the question of whether <u>Marrama</u> would apply, because the objectors have not proven an abuse of process or bad faith conduct of the case. In the instant case, First National Bank of Eagle Lake and Commercial State Bank of El Campo have introduced some evidence which tends to support a conclusion that they may have been defrauded. However, that evidence is not sufficiently strong to demonstrate an abuse of process in either the filing of the instant Chapter 13 case or the Debtors' current request to dismiss the case. It appears that Debtors, first time filers, filed the instant case with the assistance of an attorney who had extremely limited familiarity with Chapter 13, and who advised them incorrectly that they should proceed with the case. It appears that Westbrook failed to elicit sufficient information as to whether Diamond Mfg. was a corporate entity, whether Debtors had timely filed all tax returns, and whether they could propose a confirmable Chapter 13 plan. The evidence is that Debtors have

insufficient income to fund a plan, have not filed tax returns, and have repudiated the schedules prepared by Westbrook.  The court concludes that the Debtors should be permitted to dismiss the instant Chapter 13 case.[2]

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Dismiss" (Docket No. 69) filed by Debtors.

Signed at Houston, Texas on October 29, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court makes no comment as to whether such dismissal should be with or without prejudice.  To the extent the Debtors choose to file another case, the court will consider the evidence as to whether any prejudice should result based on the dismissal of the instant case.